**Charlotte MANOR Plaintiff— Appellant,**

v.

**TEXAS SUPREME COURT JUSTICES, Ronald Walker, Chief Justice, Robert Trapp, Judge, 411th Judicial Court, San Jacinto County, Linda Good, East Texas Legal Aid Defendants—Appellees.**

No. 03–40529.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 11, 2003.

failure to state a claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6). Because Manor's alleged deprivation of constitutional rights arose solely from the state-court divorce and child custody proceeding and was "inextricably intertwined" with the state court's judgment, the district court did not err in dismissing it in part for lack of subject-matter jurisdiction. *See Davis v. Bayless,* 70 F.3d 367, 375 (5th Cir.1995); *see also Musslewhite v. State Bar of Texas,* 32 F.3d 942, 946 (5th Cir.1994). Because the state judges were entitled to absolute immunity from liability and Manor did not allege that they acted in the absence of all jurisdiction, the district court did not err in dismissing Manor's complaint in part for failure to state a claim upon which relief may be granted. *See Malina v. Gonzales,* 994 F.2d 1121, 1124 (5th Cir.1993). Manor's appeal is without arguable merit and, therefore, is DISMISSED as frivolous. *See Howard v. King,* 707 F.2d 215, 219–20 (5th Cir.1983); *see* 5TH CIR. R. 42.2. Manor's motion for appointment of counsel is DENIED. Manor's motion for an extraordinary writ that the "agreed decree of divorce" be voided and held unenforceable is also DENIED.

APPEAL DISMISSED; MOTIONS DENIED.

Before KING, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

PER CURIAM.*

Charlotte Manor appeals the dismissal of her 42 U.S.C. § 1983 action for lack of subject-matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) and for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.